UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DGP ASSOCIATES, LP,<br><br>       Plaintiff,<br><br>       v.<br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, *et al.*,<br><br>       Defendants.<br>_____/ | No. C-12-6348 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket No. 5)** |

DGP Associates, LP ("DGP") filed suit against American Guarantee and Liability Insurance Company, American Zurich Insurance Company, Zurich American Insurance Company, and Zurich American Insurance Company of Illinois (collectively "Zurich Defendants") over a business property insurance policy covering a commercial property owned by the Plaintiff. DGP also named in its suit James C. Jenkins Insurance Services, Inc., and Jenkins/Athens Coverco, Inc. (collectively "Jenkins Defendants"), the insurance brokerage firm that procured the policy. The complaint, filed in the Superior Court for the County of San Francisco, alleges breach of contract and bad faith causes of action against the Zurich Defendants, and a negligence cause of action against the Jenkins Defendants. *See* Not. of Removal (Docket No. 1), Ex. A (Complaint). The Zurich Defendants allege that the Jenkins Defendants are sham defendants who were sued in order to prevent a federal court from exercising diversity jurisdiction under 28 U.S.C. § 1332(a). The Zurich Defendants removed DGP's state court action to this Court pursuant to 28 U.S.C. § 1441(b), arguing that the citizenship of the Jenkins Defendants should be disregarded for the purpose of determining

jurisdiction. *See* Not. of Removal (Docket No. 1). Thereafter DGP filed a motion to remand this action back to state court, as well as a motion for fees and costs. *See* Docket No. 5. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions for the reasons discussed both on the record and herein.

As stated more fully on the record, the Court finds that Defendants have not met their burden to show that the Jenkins Defendants were fraudulently joined to DGP's suit. Under controlling Ninth Circuit precedent, "there is a strong presumption against removal jurisdiction" and the burden is on the removing party to demonstrate jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where fraudulent joinder is alleged, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco,* 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added).

The Court finds, at a minimum, that it is possible for DGP to state a cause of action against the Jenkins Defendants as an intended beneficiary of an insurance policy under the negligence doctrine discussed in *Business to Business Markets, Inc. v. Zurich Specialties*, 135 Cal. App. 4th 165 (2005). *See also MV Transp., Inc. v. Omne Staff Leasing, Inc.*, 378 F. Supp. 2d 1200 (E.D. Cal. 2005); *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437 (1991); *Cayo v. Valor Fighting & Mgmt. LLC*, C 08-4763CW, 2008 WL 5170125 (N.D. Cal. Dec. 9, 2008); *Fick v. Unum Life Ins. Co. of Am.*, 2:12-CV-01851-MCE, 2012 WL 5214346 (E.D. Cal. Oct. 22, 2012). Consequently, the Court holds that the Jenkins Defendants were not fraudulently joined to this action. Since both DGP and the Jenkins Defendants are citizens of the State of California, this Court lacks diversity jurisdiction under 28 U.S.C. §1332(a) over this case, and therefore the case must be remanded back to state court.

The Court also holds that Plaintiff has not shown that fees and costs ought to be awarded pursuant to 28 U.S.C. §1447(c), which authorizes a court granting a remand motion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded [under §1447] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). As stated on the record, the Court finds that the Zurich Defendants had an objectively reasonable basis for removing this action, and there is no indication on the record that removal was undertaken in bad faith.

Therefore, the Court **GRANTS** Plaintiff's Motion to Remand, and **DENIES** Plaintiff's Motion for Fees and Costs. This matter is remanded to state court. The Clerk of the Court is directed to close the file in this case

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated: March 19, 2013

_____
EDWARD M. CHEN
United States District Judge